

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN R. DURSO, MURRAY J. MORRISSEY
RAYMOND VETRANO, DEBRA SERVIDO,
FALLON AGER NELSON, JON
GREENFIELD, JOHN CATSIMATIDIS,
ANGELO AVENA, MORTON SLOAN, and
JACOB DIMANT
as Trustees and Fiduciaries of the
LOCAL 338 RETIREMENT FUND,

Plaintiffs,

- against -

NUNZIO & SONS,

Defendant.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 19 2013 ★

BROOKLYN OFFICE

CV 13-5240

SPATT, J.

BROWN, M. J.

## COMPLAINT

The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local 338 Retirement Fund (the "Fund"), by their attorneys, Friedman & Wolf, complaining of Defendant Nunzio & Sons (hereinafter "Nunzio"), allege as follows:

### INTRODUCTION

1. Plaintiffs seek to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the Fund's Trust Agreement.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Sections 502(e),

1

502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

3. Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered and conducts business within this District.

4. Plaintiffs are the Trustees and Fiduciaries, and the plan sponsor, of the Local 338 Retirement Fund, which was and is a joint labor-management trust fund and multiemployer employee benefit plan, with its offices located in Mineola, New York. The Fund is a multiemployer plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits to eligible participants in accordance with an Agreement and Declaration of Trust ("Trust Agreement") and numerous collective bargaining agreements between Local 338, an employee organization representing employees engaged in commerce, and numerous employers engaged in activities affecting commerce. Numerous employers are required by the collective bargaining agreements to contribute to the Fund.

5. Defendant Nunzio is a New York corporation that maintains a principal place of business at 751 Route 109, West Babylon, NY 11704.

## WITHDRAWAL LIABILITY OF NUNZIO

6. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 5.

7. At all relevant times, Nunzio was a party to and bound by a series of collective bargaining agreements with Local 338. Pursuant to these agreements, Nunzio was

obligated to pay and in fact did pay contributions to the Fund on behalf of employees covered by said agreements, and was bound to the terms of the Trust Agreement governing the Fund.

8. According to the Fund's records, in 2009, Nunzio permanently ceased all contributions to the Fund. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Fund constitutes "complete withdrawal" from the Fund.

9. Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Nunzio is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement, the Fund calculated Nunzio's withdrawal liability to be $32,175.00.

10. By letter dated January 3, 2011, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), and Article VIII, Section 5(a)(I) of the Trust Agreement, the Fund sent Nunzio a written demand for payment of its withdrawal liability, including the payment schedule, in which Nunzio was obligated to pay $2,127.50 in quarterly installments commencing on January 1, 2011 with a final payment of $1,747.00 due on January 1, 2015.

11. Nunzio did not contest the Trustees' finding that it had withdrawn from the Fund, and did not challenge the Fund's withdrawal liability assessment.

12. Nunzio failed to make the initial quarterly payment of $2,127.50 due on January 1, 2011. To date, Nunzio has not made the initial quarterly payment or any subsequent payments.

13. By letter dated August 10, 2011, the Trustees notified Nunzio of its failure to make its withdrawal liability payments, and informed it that it had sixty (60) days to cure its default and make its withdrawal liability payments.

115249

14. Nunzio did not cure its failure to make quarterly withdrawal liability payments. Thus, by failing to make its quarterly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Nunzio defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Trust Agreement. The entire outstanding balance of its withdrawal liability ($32,175.00), plus interest running from the date the first payment was due, is therefore due and owing pursuant to ERISA Sections 515 and 4219(c)(5), 29 U.S.C. §§ 1145, 1399(c)(5), and Article VIII, Section 5 of the Trust Agreement.

15. In accordance with Article VII, Section 5 and Article VIII, Section 5 of the Trust Agreement and ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, and the Trust Agreement, the Fund is entitled to receive interest on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

16. In accordance with Article VII, Section 5 of the Trust Agreement and ERISA Sections 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), Nunzio is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above, plus costs and attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court Order Nunzio to pay the Fund: withdrawal liability in the amount of $32,175.00 pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and ERISA Section 515, 29 U.S.C. § 1145; plus interest at

the rate of eighteen percent (18%) per annum from the date due until the date on which judgment is entered; plus the greater of liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest described above; plus attorneys' fees and costs; plus such other relief as the Court deems appropriate.

Dated: September 17, 2013
       New York, New York

Anusha Rasalingam (AR-1732)

FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
arasalingam@friedmanwolf.com

Attorneys for Plaintiffs

5